United States District Court
for the Northern District of Illinois
Western Division

FILED
OCT 13 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Kyle M. Peterson,
Plaintiff,

v.

Kary Peterson and
Matthew Peterson,
Defendants.

Case No.: 3:25-cv-50514

Objection to Defendant Kary Peterson's
Motion to Dismiss Defendant

Plaintiff pro se, Kyle Peterson, objects to Defendant Kary Peterson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (ECF 24) because service was perfected by a Deputy U.S. Marshal's on September 1, 2026 as evidenced by the Process Receipt and Return filed on September 10, 2026; ECF 22. In support of his objection Plaintiff states:

1. Plaintiff is unskilled in the law and federally incarcerated. He is subject to the constraints his incarceration places on him in accessing legal material and mail.

2. Plaintiff received Defendant Kary Peterson's Motion to Dismiss via regular unit mail on October 6, 2026. This timely objection follows.

3. According to the U.S. Marshal's Process Receipt and Return, the Civil complaint and summons was served on Defendant Kary Dale Peterson on September 1, 2026. See ECF 24 at page 4.

4. Defendant filed his timely Motion to Dismiss (ECF 24), claiming without evidentiary support that Defendant Kary "was not served by any of these means" referencing service under Fed. R. Civ. P. 4(e) and Illinois Code of Civil Procedure. Id. at 2.

5. The U.S. Marshal's deputy who executed the service, certified he "[has] legal evidence of service," and that service was proper. See ECF 22 at 4. Which Plaintiff reasonably relied on as proof of service in compliance with the requirements Service.

6. Pursuant to the U.S. Deputy Marshal's certification Plaintiff asserts that service was proper under Fed. R. Civ. P. Rules 4(c)(3), (e)(2) and 5(B)(2)(B, C, or D) and requests that Defendant Kary Peterson's Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) (ECF 24) be denied and the Defendant ordered to answer the complaint.

7. If, in the alternative, the Court wishes additional proof of service, the serving deputy can provide an affidavit detailing the steps they took to serve Mr. Kary Dale Peterson.

8. Finally, if the Court finds it is more efficient to have service occur again, the Court could reset the service period (Fed. R. Civ. P. 4(m)) and order Plaintiff to serve Defendant's attorney's. Or if the Court so chooses, Order said attorneys to provide a correct physical address for the defendant and order Plaintiff to personally serve Defendant.

For the above reasons and facts, Plaintiff respectfully requests this Court:

1. **DENY** Defendant Kary Peterson's Motion to Dismiss (ECF 24), and

2. **ORDER** Defendant Kary Peterson to otherwise answer the Complaint within 21 days;

-Alternate Relief-

3. **ORDER** the Marshal's Deputy to provide an affidavit listing the details of this service and answering Defendant's concerns; Or

4. **ORDER** the service time under Fed. R. Civ. P 4(m) is reset; **ORDER** service on Defendant's attorney; or **ORDER** the attorney provide a physical address of defendant so that Plaintiff can perfect personal service.

RESPECTFULLY SUBMITTED THIS 8th day of October, 2026

Kyle M. Peterson

Kyle Peterson,
Plaintiff pro se
Reg. No. 99047-509 Unit J
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072

# Certificate of Service

I thereby certify that on this 8th day of October, 2026 I placed with staff noted below my first class, postage prepaid envelope addressed to:

United States District Court for
the Northern District of Illinois
Western Division
327 South Church Street
Rockford, IL, 61101

Andrew J. Vella
Attorney at Law
Vella & Lund, P.C.
401 West State Street
Suite 300
Rockford, IL, 61101

containing my Plaintiff's Objection To Defendant's Motion To Dismiss for outbound legal mail with:

☒ A.M. Legal Mail, or

☐ Unit Mail Box because a.m. legal mail was not available to me, specifically ____________________

Note: A.M. Legal mail is the designated legal mail system, but unit mail is used as the alternate mail drop as it is the regular institution mail.

**PLEASE NOTE:** In the interest of efficiency, the Clerk is respectfully requested to **SERVE**, via the ECF system, ALL PARTIES not listed above.

Further, I request the Court clerk **FILE** the included motions and documents under the "Prisoner Mailbox Rule" on the **DATE** noted above, pursuant Houston v. Lack, 487 U.S. 266, 267 (1988). Sworn as true and correct under pains and penalties of perjury. Executed on the above noted date under 28 U.S.C. §1746.

Kyle M. Peterson

Kyle M. Peterson